FRED HUTCHINSON CANCER RESEARCH CENTER, a Washington non-profit corporation, Plaintiff,

v.

UNITED OF OMAHA LIFE INSURANCE COMPANY, a Nebraska corporation, Defendant.

Civ. No. 90–1067–FR.

United States District Court, D. Oregon.

May 13, 1993.

---

Garr M. King, George W. McKallip, Jr., Kennedy, King & Zimmer, Portland, OR, for plaintiff.

Jack D. Hoffman, Dunn, Carney, Allen, Higgins & Tongue, Portland, OR, Thomas E. Johnson, Steven D. Davidson, Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, Omaha, NE, for defendant.

## OPINION

FRYE, Judge:

The matters before the court are 1) the motion of plaintiff, the Fred Hutchinson Cancer Research Center, for summary judgment (# 53-1)/alternative motion to vacate order and for civil contempt (# 53-2); and 2) the cross-motion of defendant, United of Omaha Life Insurance Company for summary judgment (# 68).

## BACKGROUND

This action began as a suit for declaratory and injunctive relief filed by Karen Winifred Schleicher against her insurer, United of Omaha Life Insurance Company (United of Omaha). The Fred Hutchinson Cancer Research Center (the Fred Hutchinson Center) later intervened. Thereafter, Schleicher died, and her estate assigned its claim against United of Omaha to the Fred Hutchinson Center. Subsequently, the Fred Hutchinson Center moved to realign the parties and to file an amended complaint. The court granted the motion of the Fred Hutchinson Center to realign the parties and to file an amended complaint. The Fred Hutchinson Center is now the plaintiff in this action.

## UNDISPUTED FACTS

In 1989, Karen Winifred Schleicher was diagnosed as having breast cancer. Following this diagnosis, Schleicher was treated with chemotherapy and radiation. United of Omaha paid for the medical expenses associated with the chemotherapy and radiation treatments.

Schleicher's treating physician thereafter recommended that she be treated with high-doses of chemotherapy with autologous bone marrow transplant support (HDCT/ABMT treatment) at the Fred Hutchinson Center. The Fred Hutchinson Center concluded that Schleicher was an appropriate candidate for HDCT/ABMT treatment and estimated the cost of treatment to be $185,000. Before the Fred Hutchinson Center would admit Schleicher for this treatment, it required Schleicher either 1) to pay the estimated cost of the HDCT/ABMT treatment, in full, prior to her admission; or 2) to obtain authorization from United of Omaha for payment for the HDCT/ABMT treatment prior to her admission. Since Schleicher had no funds to pay the estimated cost of the HDCT/ABMT treatment, she sought authorization for payment from United of Omaha. United of Omaha refused to authorize payment for the HDCT/ABMT treatment on the ground that the treatment was investigative in nature and therefore not covered by the group policy.

On October 3, 1990, Schleicher filed this action against United of Omaha, seeking a preliminary injunction requiring United of Omaha to authorize payment for the HDCT/ABMT treatment. Before the court could rule on Schleicher's motion for a preliminary injunction, United of Omaha and Schleicher reached an agreement which allowed Schleicher to begin receiving the treatment. The purpose of the compromise reached by United of Omaha and Schleicher was:

> to remove any financial impediment to [Schleicher] securing [HDCT/ABMT treatment] without further delay and ... re-

serve for trial on the merits, in due course after full discovery, whether [Schleicher's] proposed HDCT–ABMT treatment is "medically appropriate," "medically necessary," or "investigative, and not proven safe and effective" within the meaning of the subject health insurance policy.

Stipulation for Order in Lieu of Plaintiff's Motion for Preliminary Injunction, Nov. 2, 1990 (# 5), p. 2.

On November 2, 1990, pursuant to the stipulation of the parties, the court entered the following order:

1. That [United of Omaha] cease denying coverage for [Schleicher's] proposed [HDCT/ABMT treatment];

2. That [United of Omaha] not withhold payment to satisfy properly submitted claims for appropriate expenses associated with such treatment in appropriate amounts under the terms of the policy and applicable law; that [United of Omaha] not withhold payment on the basis that HDCT/ABMT [treatment] is not "medically appropriate," "medically necessary," or "investigative and not proven safe and effective," or that HDCT/ABMT [treatment] is an excluded expense under the policy;

3. That the parties proceed in due course in this case after full discovery to secure a judicial determination after a hearing on the merits on the issues of whether [Schleicher's] proposed treatment is "medically appropriate," "medically necessary," or "investigative, and not proven safe and effective" within the meaning of the subject policy; and

4. [United of Omaha] will assert a counterclaim against [Schleicher] seeking reimbursement plus interest for all amounts paid out by [United of Omaha]. [Schleicher] will assert no defenses to the counterclaim except to claim that payment for HDCT/ABMT treatment is covered and not excluded under the policy. If [United of Omaha] prevails on the coverage issues, [Schleicher] will not resist entry of judgment for [United of Omaha] for reimbursement for all amounts paid plus interest thereon at legal rate. If [Schleicher] prevails on the coverage issues, [United of Omaha] will not resist entry of judgment entitling [Schleicher] to retain the benefit of all payments made by [United of Omaha]. [Schleicher] reserves the right to contend that [she] is entitled to an attorney fee. [United of Omaha] reserves the right to contend to the contrary. Nothing herein shall preclude either party from asserting additional claims against each other on the basis of events which occur after this order is entered. Both parties reserve the right to appeal.

Order in Lieu of Plaintiff's Motion for Preliminary Injunction, Nov. 2, 1990 (# 6), pp. 1–3. At the time this order was entered, the Fred Hutchinson Center was not a party to this action.

When the Fred Hutchinson Center received notice of the compromise reached by Schleicher and United of Omaha, Schleicher was admitted for treatment. Between December 1, 1990 and January 25, 1991, United of Omaha paid to the Fred Hutchinson Center the sum of $24,362.35 for this treatment.

On January 25, 1991, Schleicher died. Following the death of Schleicher, United of Omaha refused to pay any more claims submitted by the Fred Hutchinson Center. However, United of Omaha obtained an *ex parte* order directing the Clerk of the Court to receive and deposit funds which were sufficient to cover the claim submitted by the Fred Hutchinson Center pending further order of the court. (Order to the Clerk of Court to Receive and Deposit Funds, Feb. 6, 1991 (# 13)).

## CONTENTIONS OF THE PARTIES

The Fred Hutchinson Center contends that the stipulation between United of Omaha and Schleicher and the order adopting this stipulation created a binding obligation upon United of Omaha to pay the Fred Hutchinson Center for the medical services that it provided to Schleicher. The Fred Hutchinson Center contends that it is a third-party beneficiary of the stipulation and order. The Fred Hutchinson Center also contends that the stipulation and order are enforceable under the doctrine of promissory estoppel.

United of Omaha contends that, as a matter of law, the stipulation and order do not impose any obligation upon United of Omaha to pay the Fred Hutchinson Center for the medical services provided to Schleicher. United of Omaha contends that the Fred Hutchinson Center is not a third-party beneficiary of the stipulation and order.

The Fred Hutchinson Center also contends that United of Omaha is in contempt for violating the terms and conditions of the stipulation and order. United of Omaha contends that it has not violated the terms and conditions of the stipulation and order in that it properly sought and obtained a court order requiring it to make payments into a fund opened by the Clerk of the Court.

## APPLICABLE STANDARD

A stipulation is akin to a contract, *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir.1989); *United States v. McKinney*, 758 F.2d 1036, 1047 (5th Cir.1985); *National Audubon Soc. v. Watt*, 678 F.2d 299, 307 (D.C.Cir.1982); therefore, the interpretation and the enforceability of the stipulation here are governed by the basic principles of contract law. When the ruling of the court rests on either an analysis of the language of a contract or an application of the principles of contract interpretation, the decision is one of law, and is, therefore, appropriate for summary judgment. *See Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 367 (9th Cir.1985).

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). On a motion for summary judgment, it is not the function of this court to weigh the evidence and determine the truth; rather, the court must "determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

## ANALYSIS AND RULING

The Fred Hutchinson Center argues that the stipulation is enforceable under the doctrine of promissory estoppel. The Restatement (Second) of Contracts §§ 88(c), 90(1) (1981) sets forth the law applicable to the doctrine of promissory estoppel. Section 88(c) provides:

A promise to be surety for the performance of a contractual obligation, made to the obligee, is binding if

\*      \*      \*      \*      \*      \*

(c) the promisor should reasonably expect the promise to induce action or forbearance of a substantial character on the part of the promisee or a third person, and the promise does induce such action or forbearance.

Section 90(1) provides:

A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.

The Fred Hutchinson Center can invoke either of these two sections to enforce the stipulation. United of Omaha made certain promises to Schleicher in the stipulation; United of Omaha either knew or should have known that the Fred Hutchinson Center would admit Schleicher for treatment based on these promises; and the Fred Hutchinson Center did, in fact, admit Schleicher for treatment based on the promises made in the stipulation. Accordingly, the Fred Hutchinson Center may enforce the stipulation.

## CONCLUSION

The motion of the Fred Hutchinson Center for summary judgment (# 53–1) is granted; the alternative motion to vacate order and for civil contempt (# 53–2) is deemed moot. The motion of United of Omaha for summary judgment (# 68) is denied.